[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, SMS Textile Mills, Inc., brings this action for losses sustained from the fraudulent transfer of its money into property purchased by the defendant, Wayne McLaughlin.
The plaintiff alleges that Frederick R. Schwarzkopf was employed by the plaintiff as its comptroller and that in the course of his employment, without knowledge or authorization of the plaintiff, he stole and converted the plaintiff's money to his own use by, among other things, purchasing the land and building located at 282 Palmer Street Extension, Norwich, CT. for $129,000.00, and by making substantial improvements to said property with these allegedly stolen funds.
The plaintiff further alleges that Schwarzkopf later conveyed said property to the defendant, Wayne McLaughlin, for the sum of $39,320.00.
On December 4, 1997, the plaintiff filed a two count complaint alleging unjust enrichment (count one) and violation of General Statutes § 52-552a et seq., Connecticut's Uniform Fraudulent Transfer Act.
On April 16, 1999, the defendant filed a motion to strike the complaint on the grounds that Schwarzkop, through his estate, is a necessary and indispensable party who is absent from this action.[1] The defendant also filed a memorandum of law in support. The court, Hurley, J., granted the motion on May 24, 1999.
On June 7, 1999, the plaintiff filed a motion to reargue the motion to strike and a motion for extension of time within which to file a substitute pleading. The plaintiff moved for reargument on the grounds that the plaintiff "mistakenly believed that the CT Page 10609 motion to strike would not be considered by the court until such time as it was claimed as ready for adjudication' and as a result, "plaintiff had not filed its brief when the court took up [the] motion." Plaintiff's Motion to Reargue, ¶ 2. The plaintiff also filed a brief in support of its motion to reargue.
On June 22, 1999, the defendant filed an objection to the motion for reargument and to the motion for extension of time to file a substitute pleading, accompanied by a memorandum in support of its objection.
On June 8, 1999, the court, Hurley, J., granted the plaintiff's motion to reargue. Subsequent to this order, the plaintiff filed its memorandum of law in opposition to the defendant's motion to strike. Consequently, this court will review the merits of the motion to strike and its accompanying memorandum, along with the opposition brief filed by the plaintiff.
In its motion to strike the defendant argues that Schwartzkopf, through his estate, is an indispensable and necessary party to this action because: (1) the estate, and the creditors of the estate, would be deprived of the benefits of the alleged assets; and (2) the estate would be deprived of the opportunity to prove or defend against the claims of theft, embezzlement and conversion allegedly committed by Schwarzkopf.
In opposition, the plaintiff argues that if the subject funds are proven to be stolen from the plaintiff, such funds were never the property of Schwarzkopf, and therefore, cannot become an asset of his estate.
A necessary party is one having an interest in the controversy, who ought to be made a party, so that the court may finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. Biro v.Hill, 214 Conn. 1, 5, 570 A.2d 182 (1990). Necessary parties include persons who ought to be made parties, "in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy and do complete justice, by adjusting all the rights involved in it. [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties . . . In short, a CT Page 10610 party is necessary if its presence is absolutely required in order to assure a fair and equitable trial." (Citation omitted; Internal quotation marks omitted.) Id., 5-6.
The plaintiff correctly argues that if it is able to establish that the funds used to improve the property purchased by the defendant were stolen from the plaintiff, the estate of Schwarzkopf would not be entitled to these embezzled funds, nor would any creditors of the estate.
However, as a determination of Schwarzkopf's alleged misconduct would have to be made, the estate has an interest in defending against such allegations of wrongdoing. The interest being the protection of the assets of the estate from future litigation by the plaintiff for the misappropriation of its funds.
Here, however, the plaintiff does not seek to recover from the assets of the estate. The plaintiff argues, and it is undisputed, that the estate has been declared insolvent by the probate court. Hence, the estate has no interest in the present action as it has no assets to protect from future claims brought by the plaintiff.
Since a determination in this action can be made without affecting the interests of an entity not before this court, the motion to strike is denied.
D. Michael Hurley Judge Trial Referee